UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ORIGINAL**

UNITED STATES OF AMERICA

CRIMINAL NO. 19-20726

vs.

HONORABLE PAUL D. BORMAN

VIOLATIONS: 18 U.S.C. § 371
29 U.S.C. § 501(c)
18 U.S.C. § 1952(a)(3)

D-2 VANCE PEARSON,

Defendant.

FILED USDC - CLRK DET
2020 JAN 6 AM 9:46

_____/

## SUPERSEDING INFORMATION

The United States Attorney charges:

### INTRODUCTION

Unless otherwise stated, at all times material to this Superseding Information, the following was true:

1. The International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (referred to herein as "UAW" or as "United Auto Workers") was a labor organization engaged in an industry affecting commerce

1

within the meaning of Sections 402(i) and 402(j) of Title 29, United States Code. The UAW represented hundreds of thousands of non-managerial employees employed by automobile manufacturers and other employers at numerous locations in Michigan and across the United States. The UAW was headquartered in Detroit, Michigan.

2. From in or about 2010 through September 2019, **VANCE PEARSON**, UAW Official A, and Edward N. Robinson served as either an officer or direct employee of the United Auto Workers.

3. From in or about 2010 through in or about 2018, UAW Official B served as either an officer or direct employee of the United Auto Workers.

4. From in or about 2010 through in or about 2016, UAW Official C was directly employed by the United Auto Workers.

5. From in or about 2010 through in or about 2016, UAW Official D served as either an officer or direct employee of the United Auto Workers.

6. From in or about 2010 through in or about 2012, UAW Official E served as an officer of the United Auto Workers.

## COUNT 1

### 18 U.S.C. §§ 371, 1952(a)(3) & 29 U.S.C. § 501(c)
### Conspiracy to Embezzle Union Funds and to Use A Facility
### of Interstate Commerce to Aid a Racketeering Enterprise

**D-2    VANCE PEARSON**

1. The allegations contained in all preceding paragraphs are hereby re-alleged and incorporated by reference in Count 1 as if fully set forth herein.

2. From at least in or about 2010 and continuing through in or about September 2019, both dates being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, the defendant, **VANCE PEARSON**, Edward N. Robinson, UAW Official A, UAW Official B, UAW Official C, Union Official D, and UAW Official E did unlawfully, knowingly, and willfully combine, conspire, confederate, and agree with each other and with other individuals, both known and unknown, to commit offenses against the United States, that is, (1) to violate Title 29, United States Code, Section 501(c), embezzlement of union funds, and (2) to violate Title 18, United States Code, Section 1952(a)(3), use of a facility of interstate commerce in aid of a racketeering enterprise.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the defendant and his co-conspirators committed and caused to be committed the following overt acts, among others, in the Eastern District of Michigan, and elsewhere:

3. In or about June 2016, a UAW accounting official challenged the propriety of an expense of $19,041.33 for "outside vendors" which had been submitted to the UAW headquarters for payment by **VANCE PEARSON** and UAW Official A in connection with a UAW conference in California. On or about June 8, 2016, in an interstate e-mail message, at the direction of UAW Official A, **VANCE PEARSON** falsely told the UAW accounting official that the $19,041.33 expense had been for "meals." In truth and in fact, however, the $19,041.33 expense included $5,670.00 for golf green fees, $375.00 for tips for caddies, and $10,087.92 for golf clothing, pants, shoes, hats, gloves, shorts, jackets, golf balls, sunglasses, and other merchandise purchased by nine UAW officials, including UAW Official A and **VANCE PEARSON**.

4. In or about November 2016, at the direction of UAW Official A, **VANCE PEARSON** ordered over $13,000 in cigars from the Gary's Sales company. The order by **PEARSON** included 16 boxes of Diamond Crown Churchills at $243 a box

(totaling $3,888) and 10 boxes of Ashton Monarch Tubos cigars at $274.50 a box (totaling $2,745). Subsequently, the cost of the cigars was concealed within the expenses of a UAW conference, and the UAW headquarters in Detroit that paid for the conference was never told that the purported expenses of the conference included over $13,000 in cigars.

All in violation of Title 18, United States Code, Sections 371 and 1952(a)(3) and Title 29, United States Code, Section 501(c).

## FORFEITURE ALLEGATIONS

### Forfeiture – 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c)

1. Upon conviction of the offense alleged in Count 1 of this Superseding Information, defendant, **VANCE PEARSON**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violations or a conspiracy to commit said violations of Title 18, United States Code, Sections 371 and 1952(a)(3) and Title 29, United States Code, Section 501(c).

2. If any of the property described in paragraph 1 hereof as being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title

28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America, shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

MATTHEW SCHNEIDER
United States Attorney

_____
David A. Gardey
Assistant United States Attorney
Chief, Public Corruption Unit

_____
Steven P. Cares
Assistant United States Attorney

Date: January 6, 2020

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number:<br>19-20726 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** 17-20406 and 19-20146 |
|---|---|
| This may be a companion case based on **LCrR 57.10(b)(4)**[1]: | **Judge Assigned to Both Cases:** Paul D. Borman |
| ☑Yes ☐No | **AUSA's Initials:** |

**Case Title:** USA v. D-2 Vance Pearson

**County where offense occurred:** Wayne

**Offense Type:** Felony

**Information** --- based upon **LCrR 57.10 (d)** [Complete Superseding section below]

## Superseding Case Information

**Superseding to Case No:** 19-20726      **Judge:** Paul D. Borman

**Reason:**
Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant Name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Vance Pearson | 18 USC §§ 371, 1952(a)(3), and 29 USC § 501(c) | 19-MJ-30488 |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case**

January 6, 2020
Date

David A. Gardey
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9591
David.Gardey@usdoj.gov
Bar #: P48990

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.