UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

CRIMINAL NO. 19-20726

vs.

HON. PAUL D. BORMAN

D-2, VANCE PEARSON,

    Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Vance Pearson, acting in concert with Gary Jones and other top UAW officials, engaged in an embezzlement conspiracy that has shaken and severely harmed the UAW. Given this serious offense, his sentencing guideline range is appropriately calculated at 24-30 months. When confronted with the crime, however, Pearson agreed to cooperate against Jones and others. So taking account of both the serious crime and Pearson's substantial cooperation, the government recommends that the Court impose a sentence of 14 months in prison, restitution of $250,000 to the UAW, and forfeiture of $119,000.

## BACKGROUND

Vance Pearson and other top-level UAW officials participated in an embezzlement scheme that drained hundreds of thousands of dollars from the UAW. These officials hid illegitimate personal expenses in reimbursement

1

requests connected to union conferences. This Court has already heard about the jaw-dropping expenditures—like custom sets of golf clubs and months-long villa stays, all paid with UAW dues money. Indeed, the juxtaposition between the top-brass and the line workers who unknowingly funded their exorbitant lifestyle has created reverberations that will long shake the UAW.

Vance Pearson had a role in this scheme. Gary Jones, then the Director of UAW's Region 5, selected Pearson as his Assistant Director. And many of the illicit expenses occurred at Region 5's conferences. And eventually, after the conference was concluded, Jones or Pearson would submit a reimbursement or "voucher" request to UAW's accounting department. By using a "Master Bill" from the hotel—i.e., a single hotel bill that wrapped in payments to outside vendors for things like cigars and golf—and not submitting the detailed invoices of each expenditure, Jones and Pearson effectively hid the improper expenses with the allowable ones. And while Pearson was not the mastermind of this scheme, he did have an important role in it.

For example, after one such voucher request was submitted, a person working in UAW's accounting department emailed Pearson requesting more details about $17,000 in the voucher that Pearson signed. Pearson responded that it was for meals. In fact, however, as Pearson knew, the money was for greens fees and merchandise paid to Showtime Golf.

2

Eventually, in September of 2019, federal agents obtained a criminal complaint for Pearson's arrest related to the embezzlement scheme. A few months later, he agreed to plead guilty and cooperate.

The parties' plea agreement contains a "cap" of 30 months, the top of the sentencing guideline range. (ECF No. 17, PageID.122-23). Pearson agreed to forfeit $81,000 from his "flower fund" account and $38,000 from his "Member's in Solidarity" account. (ECF No. 17, PageID.124). He also agreed to forfeit his custom set of Titlest golf clubs. (*Id.*). The parties agreed that the Court order restitution. And the government believes that a restitution order of $250,000 that is joint and several with Gary Jones and Dennis Williams is appropriate.

As outlined in this memorandum and for the further reasons set forth in its motion for a substantial assistance departure, the government recommends that the Court impose a 14-month custodial sentence.

## SENTENCING FACTORS

**A.    The Sentencing Guideline Range.**

The guidelines are the "starting point" and "initial benchmark" for determining an appropriate sentence. *United States v. Demma*, 948 F.3d 722, 727 (6th Cir. 2020) (quoting *United States v. Bistline*, 665 F.3d 758, 761 (6th Cir. 2012) and *Gall v. United States*, 552 U.S. 38, 49 (2007)). Put differently, the

guidelines are the "lodestar" in the sentencing process. *Molina-Marinez v. United States*, 136 S.Ct. 1338, 1346 (2016).

The parties' and the probation department calculated the Total Offense Level as 17. (PSR, ¶ 39). This includes a loss amount of $250,000-$500,000 and a reduction for minor participation. (*Id.*, ¶¶ 29, 33). Given this is Pearson's first arrest or conviction, he is Criminal History Category I. (*Id.*, ¶¶ 40-45). So his sentencing guideline range is 24-30 months. (*Id.*, ¶ 79).

Unlike the loss amount calculated for Dennis Williams (based on the things that Williams himself enjoyed from the scheme) the amount here was tied to UAW's loss from Pearson's actions. (Indeed, Pearson enjoyed substantially less than Williams and many of the other top UAW officials.) Jones and Pearson were treated differently than Williams because they approved and submitted the voucher requests. But as noted above, Pearson was not the ringleader. In fact, his guideline range was reduced based on his minor participation. This is all to say that the sentencing guidelines here acted as they are supposed to—taking account of Pearson's conduct and role in the scheme.

**B.     The conduct was serious.**

Pearson's actions and inactions substantially harmed UAW members, retirees, and the union itself. Pearson ascended the ranks of the UAW to one of the union's highest positions, eventually becoming the Director of

4

Region 5 and sitting on the UAW's international executive board. But to get there, Pearson lost himself in the culture of corruption. He made decisions and took actions that have cast a stain on the UAW and even the labor movement in general. His criminal activity has undermined the trust that the UAW had built up with its members, with union workers, and even with the general public.

**C.     The sentence must promote respect for the law and deter others.**

"Sentences influence behavior." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010) (*quoting United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007)). And while Pearson is unlikely to commit another serious crime like this one, the sentence here must still be sufficient to promote respect for the law and deter others.

Millions of Americans are members of labor unions. They look to and depend on their leadership to act zealously, in the best interests of the membership. Future leaders must understand that substantial abuses of this trust—especially ones by the senior most leaders—will be punished. This conduct cannot stand. And the sentence should reflect this.

## CONCLUSION

Based on all the § 3553(a) factors, as discussed above, and for the additional reasons set forth in the government's accompanying motion for a downward departure, the Court should impose a 14-month sentence.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

s/Steven P. Cares
STEVEN P. CARES
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
steven.cares@usdoj.gov
(313) 226-9139

s/David A. Gardey (w/ consent)
DAVID A. GARDEY
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
david.gardey@usdoj.gov
(313) 226-9591

## CERTIFICATION OF SERVICE

I hereby certify that on **June 29, 2021**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

s/Steven P. Cares (P68503)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
Phone:  (313) 226-9139
E-mail: steven.cares@usdoj.gov
